# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | & | |
| vs. | & | CASE NO. 19-CR-522 |
| DANIEL GARCIA | & | |

## OBJECTION TO DESIGNATING CASE AS COMPLEX
### and in the alternative
## REQUEST FOR SEVERANCE

**DANIEL GARCIA,** Defendant, by and through counsel, enters these Objections to Designating Case as Complex and in the alternative Request for Severance, and in support would show:

1. On May 7, 2019, the Government filed an Opposed Motion for Continuance and to Designate Case as Complex in this matter.

## *This is Not a Complex Case*

2. There is nothing "complex" about this matter. While there are a number of charges, the evidence involved is straightforward and easily understood. The evidence is all readily available in electronic form, and the Government vastly exaggerates the "complexity" involved. For example, while the water treatment plants in Weslaco may themselves be complex, the financial transactions involved in this matter are not. The evidence collected by the government is redundant, with

the same records possessed by the same entities being repeatedly produced. The recordings are not lengthy, many being only a minute or two long, and are not at all complex.

3. A certain level of complexity is presumed in any Federal financial prosecution. This case, however, is not outside of the mainstream. The documents necessary are readily available, as the government concedes, and there is no difficulty to either side in accessing that which they need to be prepared for trial.

4. There is nothing inordinately unusual or complex about this case, the number of defendants is small, the nature of the prosecution is straightforward, and there are no novel questions of law or fact. Adequate time exists to prepare for trial without any continuance, with the exercise of due diligence. Failing to grant a continuance would not result in a miscarriage of justice. Every white collar conspiracy case the undersigned has ever seen includes extensive discovery, but nothing sets this case outside the mainstream of such cases.

5. It is worth noting that the Government has not specified a single complex issue in this case. Only five basic charges, and two conspiracy charges, are alleged, although many of them are repeated several times. None of them are unusual or complex accusations.

6. The Defendant's right to a speedy trial should not be waylaid by a simply *pro forma* declaration that this is a "complex" case, in the absence of evidence of

anything satisfying the exceptions of 18 USC Sec. 3161 *et seq*. that this case be exceptionally unusual or complex. All the Government has provided this Honorable Court with are simple *pro forma* declarations, none of which take this case outside of the mainstream of federal financial conspiracy litigation, and accordingly, there are no "ends of justice" requiring a continuance herein.

### ***If a Continuance is Granted, Daniel Garcia should be Severed***

7.      Should a continuance be granted, Daniel Garcia should be severed out from the rest of the litigation. Mr. Garcia was not added to this case until the April 9, 2019 superseding indictment. It is not clear that the allegations against him, which he denies, are even permissible under the Statute of Limitations – an issue that pertains only to him, and not to his co-defendants, and which will extensively burden the case should he be tried with his co-defendants.

8.      Moreover, the discovery related to Mr. Garcia's alleged involvement (which is only alleged to be $100,000 out of an alleged $4.1 million) is small – probably less than 3% of the discovery so far proffered dealt with Mr. Garcia in any way. His alleged involvement is tangential at best. The issues involved in the allegations against him are both isolated and simple.

9.      The proof against Mr. Garcia and his defenses both are separate from those of his co-defendants. There are no issues of judicial economy that justify including Mr.

Garcia in the main case. In fact, while he is named in counts 2 – 7, neither the local prosecutors nor the ones in D.C. have been able to give a reason as to why he is named in those counts, nor does the discovery provide any elucidation on that point. The sole reason a Bill of Particulars was not filed was because Mr. Garcia is anxious to vindicate his name and reputation and does not wish to lose his speedy trial rights.

10. Mr. Garcia is an attorney in the McAllen area. The harm this pending case is doing to his reputation and practice is incalculable. Nobody wants to hire an attorney they fear is crooked, or that they fear is or may be cooperating with the Federal Government. This case, which we are obliged to remember was brought against a presumptively innocent man, is destroying his career and livelihood. A further six month delay will deprive Mr. Garcia of the means to defend himself or to support his family. These are no small matters.

11. Mr. Garcia would be prejudiced by a joint trial in that the jury would be exposed to an enormous amount of evidence that would not be relevant or admissible against Mr. Garcia, and this would inevitably prejudice Mr. Garcia's case – the natural inclination of jurors to believe that so much smoke swirling around Mr. Garcia must indicate the presence of a fire. The Government cites *Zafiro v. United States*, 506 US 534 (1993) for the proposition that defendants who are indicted together should generally be tried together. However, the Government ignores that *Zafiro* also recognizes that when "when defendants properly have been joined under

Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." (citing *Kotteakos v. United States,* 328 U.S. 750, 774-775 (1946).) *Zafiro*, *Id*. at 539. Clearly, Mr. Garcia's involvement is dramatically inferior to that of his co-defendants, and the vast majority of evidence admissible against them would be inadmissible against Mr. Garcia alone. And because in this case the mountain of evidence against his co-defendants will pre-occupy the jury and will in all likelihood prevent them from focusing on the molehill against Mr. Garcia, a severance is both legal and appropriate – especially where the Government is requesting that, due to the case against his co-defendants, Mr. Garcia's speedy trial rights be abandoned.

      WHEREFORE, Defendant prays this Court enters an Order DENYING the continuance requested by the Government herein, or, in the alternative, that it

SEVERS the case of Danny Garcia from those of his co-defendants and allows Mr. Garcia's case to continue on its current schedule.

Respectfully submitted,

/s/ Clay S. Conrad
Clay S. Conrad
TBA # 00795301
LOONEY & CONRAD, PC
11767 Katy Frwy, Suite 740
Houston, Texas 77079
(281) 597-8818 (Office)
(281) 597-8284 (Telefax)
csconrad@looneyconrad.com

## CERTIFICATE OF SERVICE

I, Clay S. Conrad, certify that a true and correct copy of the foregoing was duly served upon the United States, via the electronic filing system, to all attorneys responsible for litigation in this matter on May 8, 2019.

/s/ Clay S. Conrad
Clay S. Conrad
COUNSEL FOR DEFENDANT
