UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | & | |
| vs. | & | CASE NO. 19-CR-522 |
| DANIEL GARCIA | & | |

MOTION FOR
BILL OF PARTICULARS

**DANIEL GARCIA,** Defendant, by and through counsel, enters this Motion for Bill of Particulars, and in support would show:

1. Counts 2-7 in the indictment presented in this case charge the Defendant with "Honest Services Wire Fraud." The Defendant is not named as having committed any acts with regard to these counts. Accordingly, under Fed.R.Crim.Proc. Art. 7(f), the Defendant must seek a Bill of Particulars.

2. The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution. *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972), cert. denied, 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). Without knowledge of what acts he has allegedly taken with regards to counts 2-7, the Defendant will face trial by ambush: exactly what a bill of particulars is intended to avoid.

3.  The granting of a bill of particulars is addressed to the sound discretion of the trial court, *Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927), and the exercise of this discretion merits reversal where the "defendant was actually surprised at the trial and thus that substantial rights of his were prejudiced by the denial." *United States v. Bearden*, 423 F.2d 805 (5th Cir.), cert. denied, 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970).

4.  The Defendant cannot know what acts he is alleged to have played in these counts without the granting of this Bill of Particulars. A bill of particulars is required under these facts.

5.  The Defendant, through his counsel, has repeatedly requested that the Government supply the requested information, to no avail. He is therefore forced to seek intervention by this Honorable Court in order to be properly prepared for trial.

    Respectfully submitted,

/s/ Clay S. Conrad
Clay S. Conrad
TBA # 00795301
LOONEY & CONRAD, PC
11767 Katy Frwy, Suite 740
Houston, Texas 77079
(281) 597-8818 (Office)
(281) 597-8284 (Telefax)
csconrad@looneyconrad.com

CERTIFICATE OF SERVICE

    I, Clay S. Conrad, certify that a true and correct copy of the foregoing was duly served upon the United States, via the electronic filing system, to all attorneys responsible for litigation in this matter on May 31, 2019.

                                          /s/ Clay S. Conrad
                                          Clay S. Conrad
                                          COUNSEL FOR DEFENDANT

CERTIFICATE OF CONFERENCE

    I, Clay S. Conrad, conferred with Peter Northstein for the government, and was told he opposes the relief requested in this Motion.

                                          /s/ Clay S. Conrad
                                          Clay S. Conrad
                                          COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | & | |
| vs. | & | **CASE NO. 19-CR-522** |
| **DANIEL GARCIA** | & | |

**ORDER**

Defendant Daniel Garcia's Motion for a Bill of Particulars is this _____ day of _____, 2019 GRANTED, and it is ORDERED as to each and every alleged act of Honest Services Wire Fraud the government intends to offer proof at trial that the government is to file a Bill of Particulars identifying the actions Mr. Garcia is alleged to have taken.

FURTHERED ORDERED the Bill of Particulars is to be filed within seven days of the date of this order.

_____
United States District Judge