UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| **UNTED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 19-CR-522-4** |
| § | |
| **RICARDO QUINTANILLA, et al.** § | |
| § | |
| **Defendants.** § | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT
DANIEL GARCIA'S MOTION FOR A BILL OF PARTICULARS**

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Acting Chief of the Public Integrity Section of the Criminal Division, and respectfully submits this Opposition to defendant Daniel Garcia's Motion for a Bill of Particulars [Dkt. 67]. The motion should be denied because it is based on a single incorrect assertion: that defendant Garcia is not alleged to have committed any acts with regard to Counts Two through Seven. Counts Two through Seven incorporate the previous 79 paragraphs, which include many acts alleged to have been committed by defendant Garcia and adequately inform the defendant of the charges against him.

### I.    FACTS

The sole basis for the defendant's motion is that "[t]he Defendant is not named as having committed any acts with regard to . . . Counts 2-7 in the indictment." Mot at 1, ¶ 1. This assertion is clearly inaccurate. Paragraph 80, the paragraph that introduces the honest services wire fraud scheme charged in Counts Two through Seven, incorporates paragraphs 1-79 through reference. Dkt. 30 at ¶ 80; FED. R. CRIM. P. 7(c)(1) ("A count may incorporate by reference an allegation made in another count.").

The incorporated paragraphs contain many acts alleged to have been committed by defendant Garcia. A section of the indictment subtitled "Payment of Bribes to JOHN F. CUELLAR through GARCIA" alleges, in fourteen paragraphs, actions taken by Garcia as part of the bribery scheme. Dkt. 30 at 17-18. That section of the superseding indictment alleges that in December 2012, Garcia agreed to participate in the bribery scheme by using his interest on lawyers trust account (IOLTA) to funnel $90,000 in bribe payments to defendant John F. Cuellar. *Id*. at ¶ 64. The indictment alleges that in furtherance of the agreement, defendant Garcia accepted checks from co-conspirator Leo Lopez and laundered them by depositing the checks into Garcia's IOLTA account and then writing checks in the same or nearly the same amount to co-defendant John F. Cuellar. *Id*. at ¶¶ 65-75. The indictment provides the names of the involved banks, anonymized account numbers, check numbers, dates, and amounts of the checks at issue. *Id*.

The indictment further alleges that defendant Garcia discussed these payments with Lopez and co-defendant Arturo Cuellar, Jr. *Id*. at ¶ 76. In its discovery disclosures, the government has provided to defendant Garcia the bank records relating to these transactions. Finally, the indictment alleges that in August 2014, Lopez and defendant Arturo Cuellar, Jr. helped another person obtain employment with the City of Weslaco in exchange for Garcia's participation in the scheme. *Id*. at ¶ 77.

These allegations form the basis of Count One, which charges a conspiracy to commit honest services wire fraud. The paragraphs are incorporated by reference into Counts Two through Seven, which allege that the object of the conspiracy, an honest services wire fraud scheme, was executed through the listed wire communications. *Id*. at ¶ 80. The allegations are further

incorporated by reference in Count 11, which alleges conspiracy to commit money laundering.[1] *Id.* at ¶ 88.

After defendant Garcia's arraignment on the Superseding Indictment, the government provided voluminous discovery, including early Jencks material, agent reports, financial records and analysis, and recordings of witnesses and other defendants, as well as many other types of records. The discovery was accompanied by a detailed discovery log, identifying—at a granular level—the nature of the materials and Bates numbers. The government further provided a separate production of discovery for each defendant containing each defendants' statements. In the case of defendant Garcia, that production contained recordings and reports of the statements he gave to law enforcement agents discussing his involvement in the scheme.

## II.    LEGAL STANDARD

"An indictment is sufficient if it contains the elements of the offense charged, informs the defendant of the charges, and enables the defendant to plead acquittal or conviction and avoid future prosecutions for the same offense." *United States v. Hatch*, 926 F.2d 387, 391–92 (5th Cir. 1991). A defendant may move for a bill of particulars within 14 days after arraignment or at a later time if the court permits. FED. R. CRIM. P. 7(f).[2] The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable a double jeopardy defense in case of a later prosecution. *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977).

---

[1]   Notably, defendant Garcia does not allege that the Superseding Indictment insufficiently alleges conduct by Garcia with regard to Count 11 (conspiracy to commit money laundering), which also incorporates paragraphs 1-79 by reference.

[2]   In addition to the reasons to deny defendant Garcia's motion on the merits, the motion, filed 43 days after the defendant's arraignment, should be denied as untimely.

A defendant is not entitled to a bill of particulars as a matter of right; whether to grant a motion for a bill of particulars is within the discretion of the trial judge. *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982). A district court will not be reversed for failing to grant a request for a bill of particulars unless the defendant can show that he "was actually surprised at trial and thereby incurred prejudice to his substantial rights." *Id*.

A bill of particulars is not a means for a defendant to obtain a detailed disclosure of the government's evidence prior to trial or in lieu of discovery. *See United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (explaining that bill of particulars "is not designed to compel the government to detailed exposition of its evidence"); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars."). Where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary. *See United States v. Kirkham*, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (concluding that the "voluminous discovery" provided by the government "obviated the need for a bill of particulars").

### III.   ARGUMENT

Defendant Garcia's claim that "[t]he Defendant is not named as having committed any acts with regard to . . . Counts 2-7 in the indictment" (Mot at 1, ¶ 1) is clearly incorrect. As stated above, Counts Two through Seven incorporate paragraphs one through 79 by reference. Paragraphs 64 through 77—a section entitled "Payment of Bribes to JOHN F. CUELLAR through GARCIA"—detail actions by Garcia that implicate him in the honest services wire fraud conspiracy (Count One), the honest services wire fraud scheme (Counts Two through Seven), and the money laundering conspiracy (Count 11). The indictment "contains the elements of the offense charged, informs the defendant of the charges, and enables the defendant to plead acquittal or

conviction and avoid future prosecutions for the same offense." *United States v. Hatch*, 926 F.2d 387, 391–92 (5th Cir. 1991). For that reason alone, the motion for a bill of particulars should be denied.

In addition, a bill of particulars is also not appropriate where, as in this case, the defendant has been provided with extensive and indexed discovery. The government has provided more than 90,000 pages of discovery, accompanied by an extensive and detailed index to allow for easy identification of key materials. *See* Dkt. 58 (Gov. Mot to Continue) (detailing discovery provided by the government).

The specificity of the 34-page, 97-paragraph indictment, coupled with the substantial discovery already provided, including an early production of Jencks material, certainly informs the defendant of the charges against him sufficiently to allow him to prepare a defense. The motion for a bill of particulars is based on a single, demonstrably inaccurate fact: that "[t]he Defendant is not named as having committed any acts with regard to . . . Counts 2-7 in the indictment" (Mot. at 1, ¶ 1). Insofar as Counts Two through Seven allege that the defendant committed several acts in furtherance of the scheme to defraud, the motion should be denied.

## CONCLUSION

WHEREFORE, premises considered, the government prays that defendant Daniel Garcia's Motion for a Bill of Particulars [Dkt. 67] be denied.

Respectfully submitted,

| | |
|---|---|
| RYAN K. PATRICK<br>United States Attorney | ANNALOU TIROL<br>Acting Chief, Public Integrity Section |
| */s/ Roberto Lopez, Jr.*<br>Roberto Lopez, Jr.<br>Assistant United States Attorney<br>State Bar No. 24074617<br>1701 West Business 83, Suite 600 | */s/ Peter M. Nothstein*<br>Peter M. Nothstein<br>Jessica C. Harvey<br>Trial Attorneys<br>Public Integrity Section, Criminal Division |

McAllen, Texas 78501
Phone: 956-618-8010
Fax:  956-618-8009

Email: Peter.Nothstein@usdoj.gov
Email: Jessica.Harvey@usdoj.gov
(202) 514-2401
Peter.Nothstein@usdoj.gov
Jessica.Harvey@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

*/s/ Peter M. Nothstein*
Peter M. Nothstein
DOJ Trial Attorney