IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522 |
| DANIEL GARCIA | § § | |

**MOTION REQUESTING A PRIOR DETERMINATION OF ADMISSIBILITY OF ANY HEARSAY STATEMENTS UNDER THE "CO-CONSPIRATOR'S EXCEPTION" TO HEARSAY RULE
and supporting
MEMORANDUM OF LAW**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES the Defendant DANIEL GARCIA, by and through undersigned Counsel of Record Clay S. Conrad, and pursuant to Rule 104(a), F.R.Evid., moves that this Honorable Court conduct a separate hearing to determine the admissibility of any hearsay statements under the "co-conspirator's exception" to the Hearsay Rule, Rule 801(d)(2)(E), F.R.Cr.P.

I.

It is anticipated that Government Counsel may offer hearsay statements against Defendant under the so-called "co-conspirator exception" of Rule 801(d)(2)(E) of the Federal Rules of Criminal Evidence.

II.

If the Government seeks to offer at trial statements under the "co-conspirator's exception" of Rule 801(d)(2)(E), F.R.EV., then it should be required to first establish the unavailability of the declarant of such statements since, even if these statements otherwise fit within the definition of an "admission of a party opponent" under Rule 801(d)(2)(E) as a co-conspirator's statements such a requirement is nevertheless mandated by the accused's right to confrontation and cross-

examination guaranteed by the Sixth Amendment to the Constitution.

III.

The Government must also show:

1. That a conspiracy in fact existed;
2. That these Defendants voluntarily joined said conspiracy; and
3. That said statement sought to be admitted were, at the time they were made, in fact made "during the course of" and "in furtherance of" the conspiracy.

*United States v. James*, 590 F.2d 575 (5th Cir.)(en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). Accordingly, this Honorable Court should require the Government to satisfy this Court of the existence of the conspiracy and Defendant's participation therein, and that the statements were made "during the course of" and "in furtherance of" that conspiracy at the time they were made before admitting any such statements of co-conspirators pursuant to Rule 801(d)(2)(E), F.R.Cr.P. before the jury. The Government, its counsel and its witnesses, should be instructed to refrain from eliciting, volunteering or referring to any such hearsay statements until the Court makes such a determination or until such hearing is conducted outside the presence of the jury and this Court has had an opportunity to rule on same.

IV.

The requested procedures are necessary in order to afford Defendant his right to confrontation and effective assistance of counsel under the Sixth Amendment, fundamental fairness under the Fifth Amendment, and the mandates of Rules 104 and 801(d)(2)(E) of the Federal Rules of Evidence. This Honorable Court has discretion under *James*, supra, to require the requested hearing prior to admission of any co-conspirator exception testimony.

V.

The adoption of Rule 801(d)(2)(E) and the rejection of the Model Code Uniform Rule approach should be viewed as mandating a construction of the "in furtherance" requirement protective of defendants, particularly since the Advisory Committee was concerned lest relaxation of this standard lead to the admission of less reliable evidence. Narrative declarations should not be admitted as a matter of course and statements of confession should be carefully scrutinized. Since prejudice is likely, the harmless error rule should seldom be relied upon by the trial judge. Whether a particular statement tends to advance the objectives of the conspiracy can only be determined by examination of the context in which it is made. *See United States v. Lang*, 589 F.2d 92, 99-100 (2d Cir. 1978) (statement by dealer in counterfeit bills to undercover agent (posing as customer), telling him that defendant had been arrested and to be careful, was not in furtherance of conspiracy, as it would, if anything, discourage further dealings; reversible error to have admitted); *United States v. Smith*, 578 F.2d 1227, 1232 n.8 (8th Cir. 1978); *United States v. Moore*, 522 F.2d 1068, 1077, n.5 (9th Cir. 1975), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976) ("casual admission of culpability" in no way furthered conspiracy or in any way assisted in achieving the conspirators' objectives; court cited Rule 801(d)(2)(E) and Advisory Committee Note as indicating that "in furtherance of requirement remains viable").

The likelihood of inadmissible testimony concerning statements made to or by alleged co-conspirators is potentially very prejudicial in this cause. As to certain elements, it may be the only evidence even marginally linking the Defendant to the commission of the offense, and the only witnesses to such alleged testimony may themselves be less than fully credible. Therefore, it is absolutely essential that any such testimony be carefully screened by this Honorable Court prior to being thrown out in front of the jury.

WHEREFORE, the Defendant respectfully prays that this Honorable Court conduct a hearing outside the presence of the jury pursuant to Rule 104(a) and (c), F.R.Ev., to determine whether a conspiracy actually existed and that this Defendant was a willing participant and that the statements were in fact made "during the course of" and "in furtherance of" that conspiracy, before admitting any statements of co-conspirators pursuant to Rule 801(d)(2)(E), F.R.Cr.P., before the jury.

Respectfully submitted,

/s/ Clay S. Conrad
CLAY S. CONRAD
State Bar No. 00795301
**LOONEY, SMITH & CONRAD, P.C.**
11767 Katy Freeway, Ste. 740
Houston, Texas 77079
(281) 597-8818
(281) 597-8284 (Fax)
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion, has been delivered to the Assistant United States Attorneys responsible for litigation on this cause via the CM/ECF system on March 17, 2020.

/s/ Clay S. Conrad
CLAY S. CONRAD

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Mr. Roberto Lopez, Assistant United States Attorney for the Southern District of Texas, on March 17, 2020, and that he was opposed to the granting of this motion.

/s/ Clay S. Conrad
CLAY S. CONRAD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | Criminal No. 7:19-cr-00522 |
| DANIEL GARCIA | § | |

On this day came on to be considered the Defendant's *Motion Requesting a Prior Determination of Admissibility of any Hearsay Statements under the "Co-Conspirator's Exception" to Hearsay Rule*, and said Motion is hereby GRANTED.

SIGNED AND ENTERED this ___ day of _____, 2020.

_____
DISTRICT JUDGE