IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522 |
| DANIEL GARCIA | § § | |

MOTION TO DISMISS DUE TO
STATUTE OF LIMITATIONS

To THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIEL GARCIA, Defendant, by and through his undersigned counsel Clay S. Conrad, and respectfully moves this honorable Court to dismiss the indictment against him due to violations of the statute of limitations.

On April 9, 2019, the indictment was filed against Mr. Garcia, with conspiracy charges subject to a five-year statute of limitations. See 18 U.S.C. 3282(a). A statute of limitations bar is generally considered capable of determination without trial and therefore may properly be raised before trial. *United States v. Grimmett*, 150 F.3d 958 (8th Cir. 1998).

"Statutes of limitations normally begin to run when the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970) (quoting *Pendergast v. United States*, 317 U.S. 412, 418 (1943)) (internal quotation marks omitted), superseded by statute, Act of Sept. 28, 1971, Pub. L. No. 92- 129, § 101(a)(31), 85 stat. 348, 352-53 (codified as amended at 50 U.S.C. app. §462(d)). In case of a continuing conspiracy, the Fifth Circuit has held that courts should not presume that the conspiracy continued into the limitations period or that said period is tolled,

but instead "the government must produce evidence that the conspiracy continued during that time."

*United States v. Therm-All, Inc.*, 373 F.3d 625, 636 (5th Cir. 2003). "[T]he statute of limitations is tolled only if a conspirator engages in overt acts." *Id*. at 634 (citation omitted). Otherwise, the statute of limitations begins to run after the defendant commits his last overt act. *Id*.

Therefore, the statute of limitations would bar prosecution unless the government can prove to the Court with competent evidence before trial that Mr. Garcia committed an overt act in furtherance of each of the conspiracy charges against him after April 9, 2014. The last overt acts even ascribed to Mr. Garcia in the indictment occurred on April 12, 2013, roughly one year outside the Statute of Limitations. Nothing provided to the Defense in discovery gives any reason to believe that the case against Mr. Garcia would be within the Statute of Limitations. Therefore, assuming *arguendo* that everything in the indictment was true, Mr. Garcia could not lawfully be tried or convicted.

Moreover, even if the conspiracy continued past that late date, Mr. Garcia reported his knowledge of the activities of his co-defendants to law enforcement no later than the fall of 2013. Accordingly, Mr. Garcia respectfully requests that, unless the government meets their burden of showing that Mr. Garcia was a member of a conspiracy during the Statute of Limitations, this honorable Court dismiss the indictment against him herein with prejudice.

        Respectfully submitted,

        /s/ Clay S. Conrad  
        CLAY S. CONRAD  
        State Bar No. 00795301  
        LOONEY, SMITH & CONRAD, P.C.  
        11767 Katy Freeway, Ste. 740

Houston, Texas 77079
(281) 597-8818
(281) 597-8284 (Fax)
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion, has been delivered to the Assistant United States Attorneys responsible for litigation on this cause via the CM/ECF system on March 17, 2020.

/s/ Clay S. Conrad
CLAY S. CONRAD

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Mr. Roberto Lopez, Assistant United States Attorney for the Southern District of Texas, on March 17, 2020, and that he was opposed to the granting of this motion.

/s/ Clay S. Conrad
CLAY S. CONRAD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522 |
| DANIEL GARCIA | § | |

ORDER SETTING HEARING ON MOTION TO DISMISS
DUE TO STATUTE OF LIMITATIONS

CAME ON to be considered Defendant DANIEL GARCIA'S Motion to Dismiss Due to Statute of Limitations. Having considered said Motion, the Court hereby sets it for hearing on _____, 2020 , at _____ __. M.

SIGNED on this the ___day of _____, 2020.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522 |
| DANIEL GARCIA | § | |

ORDER ON MOTION TO DISMISS DUE TO STATUTE OF LIMITATIONS

    CAME ON to be considered Defendant DANIEL GARCIA'S Motion to Dismiss Due to Statute of Limitations. Having considered said Motion, the Court hereby DENIES /GRANTS said Motion and dismisses the indictment against said Defendant with prejudice.

SIGNED on this the _____ day of _____, 2020.

-
_____
United States District Judge