IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal No. 7:19-cr-00522 |
| | § | |
| DANIEL GARCIA | § | |

### MOTION TO REQUIRE THE GOVERNMENT TO REVEAL ANY AGREEMENT ENTERED INTO BETWEEN THE GOVERNMENT AND ANY PROSECUTION WITNESS THAT COULD CONCEIVABLY INFLUENCE THEIR TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, and moves the Court to issue an Order requiring the Government to reveal any agreement entered into between the United States Attorney's Office or any other law enforcement agency and any prosecution witness that could conceivably influence said witness's testimony on the following grounds:

I.

That the credibility of said witness or witnesses will be an important issue in the principal case, and evidence of any understanding or agreements as to future prosecutions, sentencing recommendations, or post-conviction sentence reduction would be relevant to such witness's credibility and the trial jury is entitled to know of same.

II.

That refusal to reveal any such agreement constitutes a violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

III.

The evidence of any such agreements which have been made by the Government or which the Government will make at any future time is discoverable pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution. The withholding of any such evidence constitutes denial to defendant herein of constitutionally protected rights to due process and fundamental fairness in the criminal proceedings. *Giglio v. U.S.*, 405 U.S. 150 (1972). Such evidence is exculpatory in that it is legitimate grounds for impeachment of any witnesses the Government may call to testify against the defendants, *William v. Dutton*, 400 F.2d 797 (5th Cir. 1968) [impeachment evidence is exculpatory evidence discoverable under *Brady*], and is also discoverable by defendants in order to show such witnesses' bias or prejudice. *David v. Alaska*, 415 U.S. 308, 315-316 (1974).

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court to grant this Motion.

Respectfully submitted,

By:   /s/ Clay S. Conrad
CLAY S. CONRAD
Texas Bar No. 00795301
LOONEY, SMITH & CONRAD, P.C.
11767 Katy Freeway, Suite 740
Houston, Texas 77079

Ph. No. (281) 597-8818
Fax No. (281) 597-8284

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing memo/brief was electronically delivered to the Assistant United States Attorney responsible for litigation of this case on March 17, 2020.

/s/ Clay S. Conrad
CLAY S. CONRAD

## **CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that on March 17, 2020, I attempted to confer with Roberto Lopez, the Assistant U.S. Attorney responsible for litigation of this cause, and he was opposed to the relief requested.

/s/ Clay S. Conrad
CLAY S. CONRAD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Criminal No. 7:19-cr-00522 |
| DANIEL GARCIA | § | |

**ORDER**

On this day, having considered the Defendant's motion for same, it is the order of this Court that the government is to promptly disclose to the Defendant any agreement entered into between the United States Attorney's Office or any other law enforcement agency and any prosecution witness that could conceivably influence said witness's testimony.

SIGNED at Houston, Texas, this the _____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE