UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 7:19-CR-00522-4 |
| § | |
| DANIEL J. GARCIA § | |

# ORDER

Previously in this case, the Court issued to all parties a standardized discovery order.[1] This discovery order is intended to bring clarity to discovery practice before the Court. In it, the Court ordered the Government to produce all documents required by law and ordered Defendant to file a motion for discovery *only after a request to and refusal from the Government*.

Defendant Daniel J. Garcia ("Garcia") has now filed a series of motions[2] which do not comply with this discovery order. Garcia's motions are generic and say nothing about a request to the Government. Furthermore, the Court has previously denied Garcia's motion to adopt motions of co-defendants,[3] yet Garcia has filed a substantially similar motion with no explanation as to why the relief previously denied should now be granted. As to the motion for a *James*[4] hearing and to preclude consultation with witnesses, the Court will determine the appropriate manner in which to resolve those issues at the time of trial. The Court notes that the request for a *James* hearing was also addressed in its prior order. Again, Garcia offers no argument why the Court's ruling should now be different. Thus, the Court **STRIKES** these motions for failure to comply with the Court's order.

---

[1] Dkt. No. 50.
[2] Dkt. Nos. 160, 161, 162, 163, 164, 166, 167, 168,169, and 170.
[3] See Dkt. Nos. 101 & 122.
[4] *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc), *cert. denied*, 442 U.S. 917 (1979).

The Court has previously warned counsel that non-compliance with the Court's orders may result in sanctions for the offending counsel.[5] Since Garcia's counsel has chosen to disregard the Court's order not once, but twice, he is nor ordered to show cause for his failure to comply. Counsel shall submit a brief explaining his actions by May 5, 2020. The Court shall thereafter determine whether a hearing is necessary. The Court warns counsel that a "*generic I'm sorry*" response is not acceptable.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of May, 2020.

_____
Micaela Alvarez
United States District Judge

---

[5] *See* Dkt. No. 122; *See also Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) ("A district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (noting that "the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it.").