United States District Court
Southern District of Texas
**ENTERED**
May 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:19-CR-522-4 |
| | § | |
| DANIEL J. GARCIA | § | |

## ORDER DENYING MOTION TO DISMISS

The Court now considers Defendant Daniel J. Garcia's Motion to Dismiss Due to Statute of Limitations[1] and the response[2] of the United States (the Government"). Garcia's motion seeks dismissal of "the indictment against him due to violations of the statute of limitations."[3] Garcia presents little by way of argument and cites only *Unites States v. Therm-All, Inc.*[4]

Garcia correctly cites *Therm-All* as stating that "[t]he statute of limitations is tolled only if a conspirator engages in overt acts."[5] However, Garcia misconstrues this principal in two ways. First, Garcia asserts the Government must prove "with competent evidence before trial"[6] and second; that Garcia committed an overt act in furtherance of each of the conspiracies. This is not the law.

---

[1] Dkt. No. 165
[2] Dkt. No. 174.
[3] *Id*. at 1.
[4] 373 F.3d 625 (5th Cir. 2003).
[5] *Id*. at 634.
[6] Dkt. No. 165 at 2.

Rather, in determining a motion to dismiss an indictment, "the allegations contained in the indictment must be taken as true."[7] Thus, the Government is not required to present prove before trial. Furthermore, to prove a conspiracy comes within the five-year statute of limitations, at trial the Government must prove "[t]he commission of at least one overt act by one of the conspirators within [the five-year statutory] period in furtherance of the conspiratorial agreement."[8] The Government has alleged such in the indictment; whether it can prove such will be determined at trial. Accordingly, Garcia's motion to dismiss is DENIED.

IT IS SO ORDREED.

DONE at McAllen, Texas, this 21st day of May, 2020.

                                              Micaela Alvarez
United States District Judge

---

[7] *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975).
[8] *United States v. Manges*, 110 F.3d 1162, 1170 (5th Cir. 1997) (internal citation omitted).