UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. M-19-CR-522 |
| § | |
| RICARDO QUINTANILLA, *et al.*, § | |
| § | |
| Defendants. § | |

## JOINT MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Chief of the Public Integrity Section of the Criminal Division of the Department of Justice and respectfully submits this Joint Motion for Continuance. Counsel for all defendants have indicated that they join this motion.

## BACKGROUND

1. This case is currently set for trial on July 7, 2020.

2. As this Court is aware, the United States is in the midst of an unprecedented pandemic caused by a novel coronavirus and the associated respiratory illness, COVID-19, which has disrupted the operations of this Court since mid-March.

3. On March 20, 2020, the Judges of this Court entered a Special Order imposing health- and travel-related limitations on access to Court facilities. *See* Special Order No. M-2020-1, In Re: Restrictions on Visitors to the McAllen U.S. Courthouse During the COVID-19 Pandemic. On April 6, 2020, this Court closed the McAllen Courthouse to the public until further notice, "to protect the health and safety of the public, staff, and judicial officers from exposure to or spread of the virus." *See* Special Order No. M-2020-2, In Re: Temporary Public Access

Restrictions to the United States Courthouse McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic.

4. On April 3, 2020, the Judges of this Court entered another Special Order suspending all trials through May 31, 2020. *See* Special Order No. M-2020-2, In Re: Court Operations in the McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic. On June 1, 2020, this Court entered a Special Order continuing all jury trials set to begin before July 3, 2020, to be reset by each Judge. *See* Special Order No. M-2020-5, In Re: Court Operations in the McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic. In doing so, this Court cited "the court's reduced ability to obtain an adequate spectrum of jurors and due to the reduced availability of attorneys and court staff to be present in courtrooms because of the public health risks." *Id*. Special Order M-2020-5 provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Court's finding that the ends of justice served by ordering the continuances outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

## ARGUMENT

5. The present health risks posed by a criminal jury trial warrant a continuance of the trial date and exclusion of all time until the trial date from Speedy Trial calculation under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), based on the specific circumstances of this case.

6. As a threshold matter, and as Special Order Nos. 20-2020-1, 2, 3, and 5 reflect, the ends of justice amply justify a continuance and exclusion of time here. A pandemic, like a natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming

Speedy Trial exclusion after eruption of Mount St. Helens); *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina); *United States v. Correa*, 182 F. Supp. 2d 326, 330 (S.D.N.Y. 2001) (September 11, 2001 terrorist attacks). Here, failure to continue this case will likely make the completion of the trial impossible due to public-health risks and concerns.

7. In addition to concerns for the health and safety of court staff, prospective jurors, the defendants, and counsel and their support staff, an ends-of-justice delay of the trial in this complex, white-collar trial is particularly apt because:

- This trial would also entail close contact with a number of witnesses, inconsistent with advice from the Centers for Disease Control. In this case, the Government anticipates that trial preparation would entail meeting with at least fifteen witnesses, many of who are located throughout Texas.

- This trial involves witnesses who must travel, putting themselves and others at risk. Multiple public agencies have recommended against unnecessary travel, particularly for vulnerable populations.

- The trial also involves attorneys, support staff, and witnesses with high-risk factors. At least one witness is currently undergoing an intense medical treatment regimen that has resulted in that witness having a compromised immune system. Several other witnesses are within populations at higher risk of contracting COVID-19 by the Centers for Disease Control and Prevention.

- The trial is anticipated to include at least five days of evidence for the Government's case-in-chief, assuming full court days.

- It will be almost impossible for jurors—including jurors in high risk groups—to maintain adequate social distance during jury selection, trial, and deliberations.

- The Department of Justice ordered all its components to "move to a posture of maximum telework" on March 15, 2020, urging all eligible employees to "begin teleworking to the maximum extent practical" to protect health and safety. Accordingly, counsel, the United States Attorney's Offices the Criminal Division, victim-witness specialists, and support staff have been encouraged to telework to minimize personal contact to the greatest extent possible. The Government anticipates that preparation for trial would entail extended conferring and close contact and coordination among three co-counsel, two paralegals, at least three law enforcement officers, and several other personnel, as well as travel by two government counsel located in Washington D.C. to the McAllen area—all aspects of preparation that are hindered or impossible under the current circumstances.

- Counsel for the defendants join this motion for the foregoing reasons and others, including, but not limited to, due to concerns the Covid-19 pandemic might have on the jury selection process and for personal medical issues and concerns unique to each defense counsel.

8. In addition, due to the restrictions imposed by current public-health concerns—particularly given the complexity of this case—it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. §§ 3161(h)(7)(B)(iv).

9. The parties have conferred, and believe that a continuance to a trial not to start earlier than November 9, 2020, will provide sufficient time for the parties to prepare for trial, given the present health situation, and to ensure that the trial may be commenced and completed in a manner safe for court staff, potential jurors, the defendants, and all counsel and support staff.

Therefore, the parties jointly respectfully request that this Court continue the trial of all defendants to a date not earlier than November 9, 2020.

## **CONCLUSION**

WHEREFORE, premises considered, the government prays its Motion be granted in all respects.

Respectfully submitted,

| | |
|---|---|
| RYAN K. PATRICK<br>United States Attorney | COREY R. AMUNDSON<br>Chief, Public Integrity Section |
| */s/ Roberto Lopez, Jr.*<br>Roberto Lopez, Jr.<br>Assistant United States Attorney<br>State Bar No. 24074617<br>1701 West Business 83, Suite 600<br>McAllen, Texas 78501<br>Phone: 956-618-8010 | */s/ Peter M. Nothstein*<br>Peter M. Nothstein<br>Marco A. Palmieri<br>Senior Litigation Counsel<br>Public Integrity Section, Criminal Division<br>(202) 514-2401<br>Peter.Nothstein@usdoj.gov |

Fax:  956-618-8009                              Marco.Palmieri@usdoj.gov

## CERTIFICATE OF CONFERENCE AND SERVICE

      I hereby certify that on this 4th day of June, I conferred with all counsel, who indicated they join this Motion.  On June 5, 2020, I filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

                                       */s/ Peter M. Nothstein*
                                       Peter M. Nothstein
                                       Senior Litigation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. M-19-CR-522 |
| § | |
| RICARDO QUINTANILLA, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Having considered the United States of America's Joint Motion for Speedy Trial Act Findings of Excludable Delay ("the Government's Motion"), as well as the McAllen Division's Southern District of Texas's Special Orders Nos. 20-2020-1, 2, 3, and 5, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. On March 26, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned an 18-count indictment [Dkt. 1] against defendant Ricardo Quintanilla. Defendant Quintanilla was arraigned on that indictment on April 1, and on that same day, the Court scheduled jury selection for defendant Quintanilla's trial to commence on May 7, 2019.

2. On April 9, 2019, a Grand Jury sitting in the Southern District of Texas, McAllen Division, returned a 74-count superseding indictment [Dkt. 30] against defendants Quintanilla, Arturo C. Cuellar, Jr., John F. Cuellar, and Daniel J. Garcia. All four defendants were arraigned on the superseding indictment on April 18, 2019, and entered pleas of not guilty to all charges. The Court entered a scheduling order setting jury selection for June 4, 2019.

3. On May 29, 2019, this Court designated this case as complex and continued the trial date to December 2, 2019.

4. On October 22, 2019, this Court granted a Motion to Continue by defendant Quintanilla, which was unopposed by remaining defendants Arturo C. Cuellar, Jr. and Daniel J. Garcia, and continued the trial date to February 6, 2020.

5. On January 23 and 30, 2020, this Court continued the trial to July 7, 2020 for all defendants.

6. The Court has previously found the interim period from arraignment to each trial date to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

7. In response to the outbreak of the COVID-19 pandemic in the United States, on January 31, 2020, the Secretary of Health and Human Services declared a public health emergency for the entire United States. In addition, on March 13, 2020, the President of the United States declared a national emergency, and on March 13, 2020, the Governor of the state of Texas declared a State of Disaster. The Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of disease.

8. On March 20, 2020, the Judges of this Court entered a Special Order imposing health- and travel-related limitations on access to Court facilities. *See* Special Order No. M-2020-1, In Re: Restrictions on Visitors to the McAllen U.S. Courthouse During the COVID-19 Pandemic. On April 6, 2020, this Court closed the McAllen Courthouse to the public until further notice, "to protect the health and safety of the public, staff, and judicial officers from exposure to or spread of the virus." *See* Special Order No. M-2020-2, In Re: Temporary Public Access Restrictions to the United States Courthouse McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic.

9. On April 3, 2020, the Judges of this Court entered another Special Order suspending all trials through May 31, 2020. *See* Special Order No. M-2020-2, In Re: Court Operations in the McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic. On June 1, 2020, this Court entered a Special Order continuing all jury trials set to begin before July 3, 2020, to be reset by each Judge. *See* Special Order No. M-2020-5, In Re: Court Operations in the McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic. In doing so, this Court cited "the court's reduced ability to obtain an adequate spectrum of jurors and due to the reduced availability of attorneys and court staff to be present in courtrooms because of the public health risks." *Id*. Special Order M-2020-5 provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Court's finding that the ends of justice served by ordering the continuances outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

10. The conditions imposed by Special Orders Nos. 20-2020-1, 2, 3, and 5 were necessary to reduce the size of public gatherings and reduce unnecessary travel in order to ensure the health and safety of the public, Court employees, litigants, counsel, interpreters, law enforcement officials, and jurors, who must work and interact in close quarters.

11. Given the grave public-health concerns discussed in Special Orders Nos. 20-2020-1, 2, 3, and 5, the Court's reduced ability to obtain an adequate spectrum of jurors, and the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations described above, as well as the additional facts set forth in the Government's Motion (which the Court incorporates here), the ends of justice served by the continuance outweigh the best interest of the public and Defendant in a speedy trial.

12. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a full, unhindered, continuously serving jury venire and seated jury, which is central to the sound administration of justice.

13. Failure to continue this case is also likely to put Court personnel, witnesses, jurors, parties, and counsel at unnecessary risk.

14. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

15. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendant, or failure on the part of the Government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The Final Pretrial previously set for July 2, 2020 at 9:00 a.m. to _____, 2020, at _____.

2. The Jury Selection previously set for July 7, 2020 at 9:00 a.m. to _____, 2020, at _____.

3.      The time period from July 7, 2020 to _____, 2020 inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

4.      Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO **ORDERED**.

DONE in McAllen, Texas on _____, 20___.

_____
HONORABLE MICAELA ALVAREZ
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS