IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal No. 7:19-cr-00522 |
| | § | |
| DANIEL GARCIA | § | |

**COUNSEL'S RESPONSE TO**
**GOVERNMENT FILING**

TO THE HONORABLE JUDGE OF SAID COURT:

Clay S. Conrad, Counsel, presents the following in response to the Government's filing in response to his filing of June 5, 2020, and would show as follows:

**I.**

The government claims that the undersigned materially misrepresented the facts involved in this discovery. As will be shown below, this was the government, not the undersigned, who has done so.

1. Government Falsely Claims that Discovery Logs were Covered by April 18, 2019 Protective Order (Docket #44)

The undersigned included, as they were relevant, the discovery logs from the May 13, 2020 discovery. The government falsely claimed that these logs were confidential under the above-mentioned Protective Order. (See Ex. 1.) They are not.

The protective order covers certain materials. The discovery log is not mentioned, nor can the discovery log be described as "discovery materials." It is an index of such materials, but it is not itself discovery materials, any more than a cover letter would be. In fact, the discovery log lists

the discovery materials provided, and as evidence that at no point did the government even consider the discovery log to be included as discovery materials it will be noted that the discovery logs are not themselves included in the discovery logs.

A properly edited book will include its own index within its index, because the index is part of the book. The index of the discovery materials, however, is not included in the index of discovery materials – the discovery log – because it is not part of the discovery materials. Clearly, claiming that the discovery log is covered by the protective order is an afterthought, as the government never before considered the discovery log as part of the discovery materials.

The government itself drafted the protective order. They never requested that the discovery logs be protected. They clearly had the option to make that request, and did not do so. That order must be strictly construed to include only the discovery materials themselves. It does not describe, by reference or otherwise, the discovery logs and thus they are not covered by that order.

The government's absurd speculation that filing the discovery log placed Mr. Garcia at any "risk" is beyond stretching. It has no bearing on reality and should be disregarded *in toto*.

2.     Recent Provision of Tolling Agreement Extension

The government claims that Mr. Garcia's tolling agreement, reports, and recordings were provided within days of arraignment. This is only a half-truth, as the *extension* of the tolling agreement was not provided at that time. That was inexplicably provided only in May of 2020, although it has been in government possession since 2018.

The government is providing half-truths. The issue is not what *was* provided. Giving a list of what was provided, which is what the government has done, is beside the point. The issue is solely what was *not* provided. Very, very little of what was provided has any bearing on the accusations against Mr. Garcia. The government is still not willing to provide assurances that it

has provided all materials in its possession that are covered under the Court's discovery order, signed fourteen months ago. It is beyond cavil that in March of this year, when the offending discovery motions (that should have been in the form of a *Motion to Compel*) were filed that the government had not fully complied with the April, 2019 discovery order.

3. *Brady* was not complied with.

*Brady* obligations have not been complied with by the government. There are witnesses who have cooperation and plea agreements with the government. These have *not* been fully disclosed. Moreover, at the time the offending motions were filed, not a single plea agreement had been provided – and to date, only one has been provided, that of J. Cuellar, while the plea agreements of other potential witnesses (Mr. Lopez and Mr. Tafolla, and possibly others) have not.

4. Size of Discovery

The May 2020 discovery consisted of a total of two thumb drives containing 29.43 gigabytes of data and six DVDs, containing tens of gigabytes of additional data. Additional discovery received since than adds another 1 gigabyte and change to the discovery received since the offending motions were filed. While it was in fact less than a terabyte (an estimate received and relied on by the undersigned from staff), it was also very far from the 1 gigabyte the government claimed.

Respectfully submitted,

/s/ Clay S. Conrad
Clay S. Conrad
TBA # 00795301
LOONEY & CONRAD, PC
11767 Katy Freeway, Suite 740
Houston, Texas 77079
(281) 597-8818 (Office)
(281) 597-8284 (Telefax)
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was delivered to the Assistant U.S. Attorney, Anibal Alaniz, via the CM/ECF system, on June 15, 2020.

/s/ Clay S. Conrad
Clay S. Conrad
COUNSEL FOR DEFENDANT