United States District Court
Southern District of Texas
**ENTERED**
August 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CRIMINAL ACTION NO. 7:19-CR-00522 |
| RICARDO QUINTANILLA, *et al*, | § § § | |
| Defendants. | § | |

# AMENDED PROTECTIVE ORDER

The Court hereby **GRANTS** the Government's "Unopposed Motion to Modify Protective Order"[1]. The Court previously found that good cause had been established to restrict discovery in this case and that this Protective Oder is a reasonable measure that protects the rights of the defendants, the public, and witnesses involved in this case. Therefore, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the inherent authority of this Court, it is hereby **ORDERED** that:

1. Any discovery materials (or copies thereof) provided by the Government to the counsel for defendants (regardless of when such materials were produced):

    a. will not be proved to, or kept by, anyone other than the defendant's counsel, but may be shown to other persons as provided in 1(b);

    b. will not be shared with anyone other than the defendant, co-counsel, potential witnesses, and persons employed by defendant's counsel in relation to this case, including expert witnesses; and

    c. will not be copied or reproduced, except to the extent needed as trial exhibits, as counsel's working copies, or as necessary for use by an authorized person, as described in 1(b) above, to prepare or assist in the defense.

---

[1] Dkt. No. 195

Furthermore, the logs of the discovery material provided by the Government are themselves considered discovery materials.

2. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendants or their attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.

3. No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court. Nor shall the contents of any discovery material be disclosed, in any other manner, to any individual or entity except as provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

4. All discovery materials, whether provided to counsel for the defendants or made available for review at the U.S. Attorney's Office or the offices of the Federal Bureau of Investigation, or other appropriate location, are subject to this order, no matter how they are provided or made available.

5. The defendant, defendant's counsel, and any agent thereof, are prohibited from disseminating any of these materials or disclosing any information contained therein to anyone other than this Court, the parties to this case, or as authorized in this order.

6. Any attorney of record who is retained or appointed to represent a defendant in this matter or who is later relieved of said representation must destroy or return all discovery materials to the Government at the conclusion this case or representation of said defendant, whichever occurs earlier.

7. At the request of the government, the defendant shall return all copies of material that was inadvertently produced in discovery.

8. The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party.

9. Any attorney of record who is retained or appointed to represent a defendant or who is later relieved of representation of a defendant is bound by the terms of this Order unless excused from its terms by Court Order.

10. This Protective Order does not constitute a ruling on the question of whether any particular material is properly admissible and does not constitute any ruling on admissibility.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 26th day of August, 2020.

                                                                                          _____
Micaela Alvarez
United States District Judge