```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                         MCALLEN DIVISION

 4  UNITED STATES OF AMERICA      §    CASE NOS. 7:19-CR-522-1
                                  §               7:19-CR-522-3
 5  VERSUS                        §               7:19-CR-522-4
                                  §    MCALLEN, TEXAS
 6  RICARDO QUINTANILLA (1)       §    TUESDAY,
    ARTURO C. CUELLAR (3)         §    NOVEMBER 10, 2020
 7  DANIEL GARCIA (4)             §    9:11 A.M. TO 9:27 A.M.

 8
                       MOTIONS HEARING (VIA VIDEO)
 9
                BEFORE THE HONORABLE MICAELA ALVAREZ
10                 UNITED STATES DISTRICT JUDGE

11

12     APPEARANCES:                    SEE NEXT PAGE

13     ELECTRONIC RECORDING OFFICER: XAVIER AVALOS

14     COURTROOM CLERK:                MS. SANCHEZ

15

16

17

18

19

20                   TRANSCRIPTION SERVICE BY:

21            JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                     935 Eldridge Road, #144
22                     Sugar Land, TX 77478
                          281-277-5325
23                 www.judicialtranscribers.com

24
         Proceedings recorded by electronic sound recording;
25         transcript produced by transcription service.




                 JUDICIAL TRANSCRIBERS OF TEXAS, LLC
```

```
 1                        APPEARANCES VIA VIDEO:

 2  FOR THE PLAINTIFF:            US ATTORNEY'S OFFICE
                                  Roberto Lopez, Jr., Esq.
 3                                1701 W. Bus. Hwy. 83
                                  Suite 600
 4                                McAllen, TX  78501
                                  956-618-8010
 5
                                  US DEPARTMENT OF JUSTICE
 6                                Peter M. Nothstein, Esq.
                                  Jessica C. Harvey, Esq.
 7                                1400 New York Avenue, NW
                                  12th Floor
 8                                Washington, DC  20005
                                  202-510-1549
 9
                                  US DEPARTMENT OF JUSTICE
10                                Marco A. Palmieri, Esq.
                                  1331 F Street NW, Ste. 300
11                                Washington, DC  20004
                                  202-307-1475
12
    FOR THE DEFENDANT,
13  RICARDO QUINTANILLA:          PENA ALECZANDER
                                  Jaime Pena, Esq.
14                                3900 N. 10th St., Ste. 1050
                                  McAllen, TX  78501
15                                956-948-2221

16                                LAW OFFICE OF ROBERT STEINDEL
                                  Robert L. Steindel, Esq.
17                                3827 N. 10th St., Ste. 302
                                  McAllen, TX  78501-1745
18                                956-800-1137

19  FOR THE DEFENDANT,
    ARTURO C. CUELLAR:            ATTORNEY AT LAW
20                                Carlos Garcia, Esq.
                                  1305 E. Griffin Pkwy.
21                                Mission, TX  78572
                                  956-584-1448
22
    FOR THE DEFENDANT,
23  DANIEL J. GARCIA:             LOONEY & CONRAD, PC
                                  Clay Conrad, Esq.
24                                11767 Katy Fwy., Ste. 740
                                  Houston, TX  77079
25                                281-597-8284
```

```
 1        MCALLEN, TEXAS; TUESDAY, NOVEMBER 10, 2020; 9:11 A.M.
 2            THE COURT:  Okay.  Moving next then to Case
 3   No. 19-522 as to Ricardo Quintanilla.
 4            Can I get announcements?
 5            MR. NOTHSTEIN:  Hi.  Good morning, Your Honor.
 6   This is Peter Northstein from the Department of Justice.
 7   Also on the call for the Department of Justice are Trial
 8   Attorney Jessica Harvey as newly engaged counsel and Marco
 9   Palmieri.
10            MR. LOPEZ:  Good morning, Your Honor.  Bob Lopez
11   on behalf of the Government.
12            THE COURT:  Okay.  For Mr. Quintanilla?
13            MR. PENA:  Jaime Pena and Robert Steindel for
14   Mr. Quintanilla and he is present with us, Your Honor.
15            THE COURT:  Thank you.
16            For Mr. Cuellar?
17            MR. GARCIA:  Good morning, Your Honor.  Carlos
18   Garcia on behalf of Mr. Cuellar.  My client is present here
19   at my office across from my conference room, Your Honor.
20            THE COURT:  All right.  Thank you.
21            And --
22            MR. GARCIA:  Yes, Your Honor.
23            THE COURT:  And for Mr. Garcia?
24            MR. CONRAD:  Clay Conrad here for Mr. Garcia and I
25   believe he is on his own Zoom account there.
```

1          THE COURT: I do -- I do see him there. Thank
2  you.
3          Okay. Okay. I also believe that we may have some
4  media in attendance. I will just remind the media that
5  there is no recording permitted whatsoever of the hearing
6  here. Of course, you may take notes as copious as you wish,
7  but there is absolutely no recording of this hearing, so.
8          So with that I will start. I have two matters to
9  address. The first is the motion to authorize the
10 deposition. In that regard, I know that the Defendants are
11 opposed.
12         I will start out with the Government and ask from
13 the Government, by way of evidence, is -- well, actually I
14 guess I'll direct myself to the Defendants really. Is there
15 factual dispute with what the Government presents in this
16 motion?
17         If there isn't, then we may not need to have any
18 kind of testimony, but if there's factual dispute, then we
19 need to address that.
20         So Mr. -- I guess I'll start with Mr. Pena.
21         MR. PENA: Yes, Your Honor. There's two points
22 that we have concern with. The first one is the Government
23 hasn't made evidentiary shown with exceptional
24 circumstances. They made some representations in their
25 motion, but they have not provided any evidence to satisfy

1  the offense as to the -- a specific necessity of this
2  deposition under Rule 15.
3           The second concern, which we can take up after the
4  Court makes that determination is -- if necessary, is the
5  manner and procedure that do the deposition and our concern
6  is that the deposition itself, I think is -- would be the
7  Defense would not be present with the witness.  I think they
8  intend to take the deposition via Zoom and that raises
9  constitutional concerns on our ability inherent
10 (indiscernible).
11          So those are the two issues that we raise for
12 Mr. Quintanilla's deposition.
13          THE COURT:  All right.  Thank you.
14          For Mr. Cuellar, Mr. Garcia?
15          MR. GARCIA:  Yes, Your Honor.  Obviously we do
16 have a concern with the -- as far as the factual dispute,
17 Your Honor.  We would ask for the Government, rather than
18 their assertions, to provide some sort of evidence for the
19 Court to consider.  And secondly, obviously, we do have a
20 Sixth Amendment confrontation issue as it relates under
21 Rule 15.  The Court is well aware of that there is a
22 confrontation issue with the Defendant's presence -- each
23 Defendant's presence.
24          And in the -- and able to confront and
25 cross-examine Mr. -- or the proposed witness, Your Honor.

1          THE COURT:  And then Mr. Conrad for Mr. Garcia?
2          MR. CONRAD:  Judge, I would join what you've
3 already heard with the additional belief that if there is to
4 be a deposition, then it should be carried with trial and
5 conducted after opening statements have been made.
6          THE COURT:  Well, I think that last part would
7 defeat the Government's objective here, but let me put that
8 issue aside for just a moment.
9          Then in light of the fact that the Defendants do
10 raise the issue, as far as the -- in the motion itself
11 obviously we have what the Government contends to be the
12 factual concerns, but the motion itself, of course, if not
13 evidence.
14          So in that regard, I'll come back to you,
15 Mr. Nothstein and ask as far as what evidence you wish to
16 present to the Court to support this motion.
17          MR. NOTHSTEIN:  Your Honor, thank you very much.
18          First, I would say that we can supplement our
19 motion with an affidavit for further statements from the
20 witness or his counsel.  The situation is somewhat fluid in
21 developing in regard to witness's treatment, that they would
22 lead to a moment the Court would prefer that to figure out
23 exactly where he stands in treatment and what the Court's
24 treatment would be in the near future --
25          THE COURT:  Well, Mr. Nothstein, let me stop you

1  for just a second.
2           You know, this is a hearing on the motion itself.
3  As you well know, a motion is never evidence, even -- you
4  know, let's say for example if a Defendant here filed a
5  motion to suppress and in the motion itself, they laid out
6  grounds that were clearly such that the Court would -- if
7  everything there were true, would grant the motion.  I
8  wouldn't just grant it on the motion.  I have to have some
9  evidence, so do you have anything to present right now to
10 the Court by way of evidence?
11     (No audible response.)
12          THE COURT:  Nothing -- Mr. Nothstein is frozen on
13 my screen.
14          Mr. Lopez, do you know what the status of --
15          MR. LOPEZ:  Your Honor, sure.  If I may jump in
16 while those technical issues are resolves?
17          At this moment, Your Honor, we do not have
18 anything by way of evidence to present to the Court.
19 Partially is in relation to the medical treatment of that
20 particular witness, Your Honor, is still evolving.  That
21 also was something that we wanted to bring to the Court in
22 order to determine a deadline for when that deposition could
23 be taken.  Obviously the Government would want to do it as
24 soon as possible, but as it stands right now, even if the
25 Court were to permit the Government to do so, I don't

1  believe the medical condition would allow us to proceed at
2  this moment.
3          THE COURT:  Well, but I can't -- again, this
4  motion is not verified.  I have no affidavit with this
5  motion.  I can't do anything.  This is obviously a big
6  hurdle here.  The Defendants rightfully raise a Sixth
7  Amendment confrontation clause.  I've got to have something
8  more than just a motion.  I can't understand why -- and that
9  was one of the reasons why when I set it for hearing, I
10 specifically asked and I confirmed with Ms. Sanchez, but I
11 specifically asked Ms. Sanchez to note on the hearing itself
12 that it was a motion hearing for this particular motion, not
13 simply as status conference, so that all parties would be on
14 notice that we were going to address this motion here.  You
15 can't just file a motion and then show up expecting for the
16 Court to rely on the allegations in the motion to grant it.
17 I've got to have something more than that, so.
18         MR. LOPEZ:  Yes, I understand that, Your Honor,
19 and I made attempts to contact the Defense Counsel since
20 last Wednesday.  Thursday, I learned that the condition has
21 in some respect has become better, in some respects has
22 become worse.  That particular, Your Honor, in terms of
23 getting him to sign an affidavit at this point in time -- at
24 least as I spoke on Thursday, was not really in that sort of
25 condition to proceed in that manner.

1          We learned some additional information yesterday
2   that has complicated those matters.  Some of it that perhaps
3   it would probably be better taken at the edge or at least
4   somewhat in a sealed conference, Your Honor, that have
5   complicated things somewhat.
6          THE COURT:  Okay.  So for right now, in light of
7   the fact that the Government is not offering any evidence to
8   support its motion.
9          And Mr. Nothstein, I don't know if we -- I can
10  come back to you for just a moment.  You froze and Mr. Lopez
11  picked up --
12         MR. NOTHSTEIN:  I am back on, Your Honor.  I
13  apologize.  My internet went out.
14         THE COURT:  But basically what I heard from
15  Mr. Lopez is that you have no evidence to offer the Court at
16  this time.  Like, he didn't say it in those words, but
17  that's the sum of it.  Do you agree?
18         MR. NOTHSTEIN:  Correct, Your Honor.  But as I
19  said, I mentioned what Mr. Lopez is saying, we must
20  follow-up, given that as you mentioned, you need more
21  developing information regarding the treatment, as well as
22  other extenuating circumstances.
23         We would ask the opportunity to supplement, Your
24  Honor.
25         THE COURT:  Well, okay.  I'm going to tell you the

1  same thing you heard me probably tell the attorneys before
2  the Government's attorney before you.
3  　　　　　You know, I hate wasting anybody's time.  I do not
4  like to waste my own time.  I specifically set this matter
5  for hearing today.  I made sure that the notice included
6  that this was going to be heard today.  You should always be
7  prepared for that.  If you have at the time of the hearing
8  changed your mind about proceeding, then that's how we
9  should start out and you haven't changed it, I know, but you
10 can't just show up without whatever it is that you need to
11 support your motion.
12 　　　　　So based on the fact that at this time, the
13 Government has no evidence to offer in support of the
14 motion.  I'm denying it.  It is without prejudice.  You
15 decide you have what you need to move forward on it, I will
16 hear it again, but do not waste my time by showing up
17 unprepared for a hearing.
18 　　　　　Okay.  The next matter the Court does take up then
19 is the motion for continuance in that regard.  I agree with
20 counsel that, you know, this is a case that is going to be
21 complicated to begin with.  We have three Defendants and a
22 lot of, I think, evidentiary issues that will need to be
23 addressed.  It is not one that -- that are some cases right
24 now that are very simple.  One defendant cases that we may
25 be able to hear with a jury.  We have extended our Order.

1         I think Mr. Garcia noted that we have extended our
2 Order right now for no jury trials through the end of the
3 year, but on a case-by-case basis we have sort of given each
4 one of us District Judges the ability to set one, but this
5 is not one that I think could be set safely before the end
6 of the year, and quite frankly I'm not sure exactly when we
7 could set it.  I don't think it'll be anything earlier than
8 some time in the spring, maybe, of next year.  But I'll hear
9 from counsel in that regard to see what their thoughts are.
10         I would like to believe that come January or
11 February, things are going to be much better, but every
12 month when I've said that, they don't get better and quite
13 frankly right now they seem to be getting worse.
14         So I'll hear from counsel as far as what your
15 thoughts are and I'll start with you, Mr. Garcia, since this
16 is your motion -- although I know it's a joint motion, but
17 I'll start with you, Mr. Garcia -- what your thoughts are as
18 far as what you would consider to be more likely time period
19 for us proceeding here.
20         MR. GARCIA:  Thank you, Your Honor.  If I may,
21 respectfully I'll ask the Court to consider a status hearing
22 for us sometime in January to set the appropriate trial
23 date.  I do believe that it is too early for us to make a
24 determination based on -- especially along the border with
25 the virus cases that have popped up in the El Paso area and

Case 7:19-cr-00522   Document 215   Filed on 11/18/20 in TXSD   Page 12 of 15

12

1 where we are going into the winter months.

2     I'm not a doctor, Judge, but I can read the news
3 and I do know that we had a spike in cases throughout the
4 country.  I would respectfully ask the Court to set the case
5 sometime in Mid-January, perhaps, for a status and then set
6 a trial date at that point.

7     THE COURT:  Okay.  All right.  Then I'll turn to
8 you, Mr. Pena.  What are your thoughts here?

9     MR. PENA:  I concur with Mr. Garcia.  I would
10 articulate I think the status in January and a setting in
11 later months would be appropriate, Your Honor.

12     THE COURT:  All right.  Mr. Conrad, on your part?

13     MR. CONRAD:  Yes, Your Honor.  Mr. Garcia will be
14 retaining new trial counsel.  I was hired to take care of
15 pretrial issues, preliminary issues.  He will be hiring new
16 trial counsel (indiscernible) --

17     THE COURT:  In addition to you, Mr. Conrad, or --

18     MR. CONRAD:  -- a short time to get up to speed.

19     THE COURT:  Mr. Conrad, you're saying in addition
20 to you?

21     MR. CONRAD:  Yes.

22     THE COURT:  Okay.  So, so long as we don't have to
23 start over completely with Mr. Garcia, okay?

24     MR. CONRAD:  No.  But he would -- I am not a trial
25 lawyer, so he will need someone who can fulfill that role

1  for him.  That person will need to get up-to-speed and that
2  will take some time -- I'm not saying it's going to take
3  months or years, but it's -- that hasn't occurred yet, so I
4  can't tell you how long it will take.
5              So I can believe that a status conference in
6  January makes sense.  There should be someone else on the
7  ground by that time.  And he should be able to let the Court
8  know how much time he believes it's going to take him to get
9  up-to-speed.
10             THE COURT:  Well, in that regard, I'll direct
11 myself to both you and Mr. Garcia, since Mr. Garcia is on,
12 as well, and that is that I would move urgently on that,
13 Mr. Garcia, because otherwise Mr. Conrad may have to become
14 a trial lawyer.  I think there's enough time between now and
15 whenever I set the case for that lawyer to dedicate himself
16 to coming up-to-speed on this case.
17             So I would urge you to act with haste there.
18             Okay.  So let me turn to the Government as far as
19 what your thoughts are on a setting a status conference and
20 I'm inclined to agree there, but what are your thoughts,
21 Mr. Nothstein and Mr. Lopez?
22             MR. NOTHSTEIN:  Your Honor, you know, we've lead
23 to this case as soon as possible and safely a status hearing
24 in January makes sense, Your Honor, at that time.
25             THE COURT:  All right.  Okay.  So I think we have

1   -- so we do have consensus.  That does make it easier.  The
2   Court believes that is a good course to proceed because
3   we've hopefully will have a better idea in January what
4   things are looking like so what we can give this case a firm
5   trial setting date that everybody can work towards then.
6              So Ms. Sanchez, would the week of the 18th work
7   well?
8              THE CLERK:  Yes, Judge.  Just not Monday.
9              THE COURT:  Not Monday, okay.
10             Do you have a recommendation?
11             THE CLERK:  Thursday at 10:00.
12             THE COURT:  Thursday?
13             THE CLERK:  (indiscernible) the 22nd or in the
14  afternoon?
15             THE COURT:  The 20 --
16             THE CLERK:  That's the 21st.
17             THE COURT:  The 21st, okay.
18             Let's say then January the 21st at 10:00 a.m.  And
19  so right now I can't tell you if it's going to be a virtual
20  hearing or an in-person hearing.  I think now that we have
21  started to do virtual hearings, that they are probably going
22  to become part of our practice, even though I'm not
23  necessarily in favor of them, but I do think it's strictly a
24  matter of scheduling the trial and anybody wants to appear
25  virtually, even if we are having in-person hearings, the

1  Court may permit that, but for right now, the schedule is
2  for January the 21st at 10:00 a.m.
3          As we get closer to that date, I will let you know
4  whether it is going to be in-person or virtual.
5          Okay.  Is there anything else at this time?
6          MR. GARCIA:  Not for Mr. Cuellar, Your Honor.
7  Thank you.
8          THE COURT:  All right.  Okay.  Then if there's
9  nothing else from anybody, you are each excused then.  Thank
10 you.
11     (The parties thank the Court.)
12     (Proceedings adjourned at 9:27 a.m.)
13                     * * * * *
14         *I certify that the foregoing is a correct*
15 *transcript to the best of my ability produced from the*
16 *electronic sound recording of the proceedings in the above-*
17 *entitled matter.*
18 */S/ MARY D. HENRY*
19 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
20 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
21 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
22 *JTT TRANSCRIPT #62972*
23 *DATE FILED:  NOVEMBER 18, 2020*
24
25