**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 19-CR-522** |
| | § | |
| **RICARDO QUINTANILLA**, *et al*., | § | |
| | § | |
| **Defendant.** | § | |

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL**
**AUTHORITY SUPPORTING THE GOVERNMENT'S**
**REQUEST FOR RECIPROCAL RULE 16 EXPERT DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for

the Southern District of Texas and the Chief of the Public Integrity Section of the Criminal

Division of the Department of Justice and respectfully submits this Memorandum of Supplemental

Authority in Support of the Government's Request for Reciprocal Rule 16 Expert Discovery.

As is stated more fully below, the defendants have requested Rule 16 discovery from the

government, and the government has complied by informing the defendants that it does not intend

to call any expert witnesses. *See* FED. R. CRIM. P. 16(a)(1)(G). Accordingly, the defendants are

now obligated under Rule 16(b)(1)(C) to provide notice of any expert witness testimony that they

intend to offer. This Court should order the defendants to provide such notice, and to provide it in

sufficient time to allow the government to file any appropriate motions by the June 21 motions

deadline, specifically by May 30.

**I.     BACKGROUND**

As this Court is aware, the defendants in this matter recently refused to provide reciprocal

Rule 16 discovery, asserting that they were not obligated to provide reciprocal discovery under

Rule 16(b) because they had not requested Rule 16 discovery from the government, prompting the

government to file a motion to compel.  Dkt. 237.  This Court held a hearing on that motion and

other matters on April 1 and found that the defendants had, in fact, requested Rule 16 discovery,

and so were obligated to provide the reciprocal discovery requested by the government.  The Court

gave the defendants two weeks from April 1 to provide their discovery.

During the April 1 hearing, at least one defendant, A. Cuellar, indicated that he had retained

an expert.  The government requested that all defendants provide notice of any anticipated expert

witnesses, pursuant to Rule 16(b)(1)(C), along with the remainder of their reciprocal Rule 16

discovery.  The defendants objected on the basis that the government had not provided any expert

disclosures.  The government represented that it does not intend to call an expert witness, which

the government asserts satisfies its requirement to "comply" with a request for expert notice by

the defendants under Rule 16(a)(1)(G).  The question of whether the government could comply

with Rule 16(a)(1)(G) was discussed but not resolved at the hearing, pending further review by the

Court.

The government files this supplemental authority in support of its request for reciprocal

expert discovery.

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure Rule 16(a)(1)(G) provides that, "[a]t the defendant's

request, the government must give to the defendant a written summary of any testimony that the

government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during

its case-in-chief at trial" and that such a summary "must describe the witness's opinions, the bases

and reasons for those opinions, and the witness's qualifications." FED. R. CRIM. P. 16(a)(1)(G).

If a defendant makes such a request and the government "complies," then "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." FED. R. CRIM. P 16(b)(1)(C). Rule 16 does not define the word "comply."

## III.   ANALYSIS

### A.   The government has complied with Rule 16(a)(1)(G) by informing the defendant that it does not intend to call an expert witness.

The question of whether the government has "complied" with a request for expert discovery by representing that it does not intend to call an expert has been addressed sparingly. In *United States v. Young*, No. CR–09–140–B–W, 2010 WL 1418748 (D. Me. 2010), a defendant requested a summary of any expert testimony that the government intended to introduce at trial. *Id.* at * 2. The government responded that it did not intend to call an expert. *Id.* The day before trial, the defendant notified the government that he intended to call an expert witness. *Id.* at *1. The government moved to exclude the expert testimony on the ground that the government had complied with Rule 16(a)(1)(G) and the defendant had failed to comply with Rule 16(b)(1)(C). The district court denied the motion on the basis that "[t]he spirit of Rule 16 . . . is that the discovery is reciprocal," and therefore "[i]f the Government has elected not to call an expert witness, the discovery is no longer reciprocal," it would be "one-sided" and cast "a shadow over the defendant's right against self-incrimination, his right to counsel, and work product doctrine." *Id.* at *2.

This Court should reject the reasoning of *Young*, as have the two other district courts that have considered this issue. In *United States v. Rajaratnam*, S2-09-Cr-1184 (RJH), 2011 WL 723530 (S.D.N.Y. 2011), the court rejected *Young*'s holding that the government could only "comply" with Rule 16(a)(1)(G) by providing notice of an expert witness because, such reasoning meant that that the government could *never* comply with a valid request for expert discovery from

3

a defendant if the government did not intend to call its own expert. *Id*. at *2. Given that failure to comply with Rule 16 can result in sanctions under Rule 16(d)(2), the court found that the government's assertion that it does not intend to introduce expert testimony means either (a) the government has "engaged in sanctionable conduct" because it did not comply with Rule 16(a)(1)(G), or (b) "'comply' must mean one thing in one part of Rule 16 and something different in another part of the same Rule." *Id*. The court found that "[n]either possibility makes sense as a matter of statutory construction." To find that the government could not comply by stating that it had no expert witness meant that the government could be subject "to sanctions for providing an honest answer to Rajaratnam's request." *Id*. Instead, the court found that "comply" must have the same meaning throughout Rule 16, which is to say that the government can comply with a valid request by representing that it has no such discovery to provide. *Id*. at *3.

The *Rajaratnam* court did not credit the reasoning in *Young* that "[t]he spirit of Rule 16 . . . is that the discovery is reciprocal." *Id*. (citing *Young*, 2010 WL 1418748, at *2). The *Rajaratnam* court reasoned that the "purpose of reciprocal expert disclosures is 'to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *Rajaratnam*, 2011 WL 723530 at *3 (quoting FED. R. CRIM. P. 16, 1993 Amendment, Adv. Comm. Note). The court further emphasized the advisory committee's observation that "one of counsel's most basic discovery needs is to learn that an expert is expected to testify." FED. R. CRIM. P. 16, 1993 Amendment, Adv. Comm. Note. The court therefore found that requiring disclosure by the defendants was consistent with the spirit and purpose of the rule and did not disadvantage the defendant. *Rajaratnam*, 2011 WL 723530 at *3.

Finally, the court found no support for the defendant's argument that "requiring a defendant to make pre-trial disclosures implicates the right against self-incrimination or the right to counsel." *Id.* "On the contrary, the Supreme Court has held that the Fifth Amendment does not prevent the government from compelling disclosures by the defendant before the government has made any." *Id*. (citing *Williams v. Florida*, 399 U.S. 78, 81 (1970)).  *See also United States v. Nobles*, 422 U.S. 225 (1975) (holding that the right against compulsory self-incrimination does not extend to the testimony or statements of witnesses at trial); *United States v. Bump*, 605 F.2d 548 (10th Cir. 1979) (holding that Rule 16 does not unlawfully interfere with a defendant's Fifth Amendment right against self-incrimination).

Although not numerous, other courts that have considered *Rajaratnam* have agreed with its analysis.  *See  United States v. Knight*, No. 5:12-CV-50035-002, 2013 WL 5930030, at *1 (W.D. Ark. Nov. 1, 2013); *United States v. Finazzo*, No. 10-CR-457 RRM RML, 2013 WL 618425, at *4 (E.D.N.Y. Feb. 19, 2013) (holding that the defendant "trigger[ed] the discovery procedures" when he asked the government whether it intended to call an expert witness, because "[i]t is the question, not the answer, which triggers the reciprocal obligation").

The purpose of Rule 16, and the reciprocal nature of Rule 16, is in part to prevent surprise, avoid unnecessary continuances, and avoid wasting judicial resource and the jury's time. This Court has prudently set a motions hearing well before trial to sort out various issues early.  If the defendants are not required to disclose their expert witnesses at a reasonable time before that hearing, it is possible—if not likely—that there will need to be yet another motions hearing before trial, on the eve of trial, or even in the middle of trial.  It is impossible to know what type of motion may be filed, if any, but it is conceivable that the Court may conduct a lengthy briefing or a *Daubert* hearing outside the presence of the jury.  Stopping a jury trial to allow for the experts to be properly

5

challenged wastes not only the Court's time, but also the time of the many members of the Jury. This cannot be the intent of Rule 16.

  **B.**  **This Court has the power to order the defendants to provide reasonable notice of anticipated expert witnesses.**

  A district court has the power to regulate discovery, and if a party fails to comply with the rules governing discovery, the district court may order the discovery, grant a continuance, or prohibit the party from introducing the undisclosed evidence. FED. R. CRIM. P. 16(d)(2); *United States v. McLean,* 419 F. App'x 473, 475 (5th Cir. 2011). This Court has the power, therefore, to order the defendants to provide notice of any anticipated expert testimony in compliance with FED. R. CRIM. P. 16(b)(1)(C). In the interests of judicial economy, this Court should do so. At the April 1 hearing, the Court imposed a June 21 deadlines for the parties to file motions so that all motions could be fully briefed before a July 9 motions hearing. With a motions hearing well in advance of the trial date, this Court afforded ample time to resolve any issues before trial. The most efficient use of this Court's time would be to hear any motions related to the experts on July 9. As is stated above, without a deadline, this Court may be presented with motions to suppress or limit expert testimony, possibly requiring a hearing outside the presence of the jury, on the eve or in the middle of trial. This would be a significant waste of judicial resources and jury member time.

  For those reasons, this Court should order the defendants to provide notice of any anticipated expert witness testimony no later than May 30, 2021, to allow the government three weeks to evaluate the notice and file any motions, if appropriate. So as not to prejudice the defendants, should the need later arise for an expert witness, this Court should also allow the defendants to notice an expert witness after May 30, upon showing of good cause as to why the expert could not have been foreseen before May 30. This case is now nearly two years old. The evidence and the issues have not changed substantially since the filing of the Superseding

Indictment.  As we know, at least one defense counsel retained an expert long ago.  *See* Dkt. 242.

Requiring the defendants to provide notice of anticipated expert testimony just three months before

trial when more than two years of preparation preceded such notice is practical and consistent with

Rule 16.

## CONCLUSION

WHEREFORE, premises considered, the Government prays that the Government's

Request for Reciprocal Rule 16 Expert Discovery be GRANTED.

Respectfully submitted,

JENNIFER LOWERY                                        COREY R. AMUNDSON
Acting United States Attorney                          Chief, Public Integrity Section


*/s/ Roberto Lopez, Jr.*                               */s/ Peter M. Nothstein*
Roberto Lopez, Jr.                                     Peter M. Nothstein
Assistant United States Attorney                       Deputy Chief
State Bar No. 24074617                                 Erica O. Waymack
1701 West Business 83, Suite 600                       Trial Attorney
McAllen, Texas 78501                                   Public Integrity Section, Criminal Division
Phone:  956-618-8010                                   Email: Peter.Nothstein@usdoj.gov
Fax:    956-618-800                                    Email: Erica.O'Brien.Waymack@usdoj.gov
                                                       (202) 514-1412

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2021 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System, and emailed a copy of the document and exhibits to all counsel of record.

*/s/ Peter M. Nothstein*
Peter M. Nothstein
Deputy Chief
Public Integrity Section
